[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By way of a Complaint dated, October 14, 1996, the plaintiff, Michael Juarbe alleges that on May 22, 1996, at approximately 10:01 p.m., he was operating his motor vehicle in a southerly direction on Ella Grasso Boulevard at or near its intersection with Chapel Street in the City of New Haven Connecticut.
Plaintiff further alleges that at the aforementioned time and place, the defendant Patricia J. Julianelle was operating her motor vehicle in a westerly direction on Chapel Street at or near the aforementioned intersection. As plaintiff proceeded through the intersection there was a collision between the vehicles being driven by the plaintiff and the defendant. The plaintiff alleges that the collision, and his injuries, damages and losses were proximately caused by the negligence of the defendant.
Each party's Special Defenses were denied by the opposing party.
Based on the testimony and the evidence admitted at trial, the Court finds the following facts:
On May 22, 1996, at approximately 10:01 p.m., the plaintiff Michael Juarbe was operating his motor vehicle in a southerly direction on Ella Grasso Boulevard at or near its intersection with Chapel Street in the City of New Haven Connecticut. On that same date and at that same time, the defendant Patricia J. Julianelle was operating her motor vehicle in a westerly direction on Chapel Street at or near the aforementioned intersection. As plaintiff proceeded through the intersection there was a collision between the vehicles being driven by the plaintiff and the defendant. The predominant point of impact on Mr. Juarbe's vehicle was the front left of the vehicle in the area of the headlight. The defendant's vehicle was damaged on its passenger side in the area of the front right fender.
Shortly after the accident and before the police arrived, the defendant left the scene and drove to her home. The defendant, who is the plaintiff in the Counterclaim, received an injury to her head causing her to bleed profusely. The injury required stapling to close it. The defendant was transported from her home to the Yale-New Haven Hospital Emergency Room via ambulance.
As a result of the collision the plaintiff Mr. Juarbe suffered cervical and thoracic sprains. Mr. Juarbe treated with the Family Practice and Internal Medicine professional corporation from May 28, 1996 through November 11, 1996. CT Page 14677
In the instant action the only witnesses who testified about how the accident occurred were the parties themselves. While the plaintiff adamantly asserts that he had the green light, the defendant just as adamantly asserts that she had the green light. This action and the defendant's Counterclaim all comes down to the persuasiveness and credibility of the witnesses.
 It is a well settled principle that "[t]he determination of a witness' credibility is the special function of the [trier of fact, which, in the present case, is the] trial court." (Internal quotation marks omitted.) State v. Trine, 236 Conn. 216, 227, 673 A.2d 1098 (1996).
 State v. Calonico, 256 Conn. 135, 159 (2001)
This accident occurred almost six years before the date of trial. While the plaintiff adamantly asserts that he remembers having the green light, the Court is persuaded that his memory is flawed about the events occurring on the evening in question. Mr. Juarbe testified at trial that he saw the defendant's vehicle before the impact. However during a PJR hearing on September 23, 1996 he testified that he did not see the defendant's vehicle before the impact. In addition to the foregoing, the plaintiff's general demeanor was one that had an adverse affect on the credibility and persuasiveness of his testimony concerning the events that are the subject of this action.
After weighing all of the testimony and viewing the evidence that was admitted at trial, this Court comes to the conclusion that the plaintiff did not sustain his burden of proof. The plaintiff has not shown by a fair preponderance of the evidence that the defendant was negligent or that any negligence on the part of said defendant was the proximate cause for plaintiff's damages.
As to the counterclaim, the facts as found by the Court apply to this counterclaim as well as the Complaint. As with the plaintiff in the Complaint in this matter, the Counterclaim plaintiff has the same burden of proof as to its allegations, i.e. she must prove the allegations by a fair preponderance of the evidence.
While the Counterclaim plaintiff testified that she had the green light, she also testified that she was very familiar with the area. She testified that the light at the intersection in question as well as the several other lights that she has to travel through are always red at the same time. On the night in question however she testified that while all of the other lights were red, the light at the intersection where the CT Page 14678 accident occurred turned green. The Counterclaim plaintiff further testified that she "thought it was odd" that the light turned green and that it was this abnormality that helped her to remember the events before the accident more clearly.
Whereas the Counterclaim plaintiff testified that in her experience the traffic lights leading up to the accident scene and the traffic light at the scene of the accident are always red at the same time, her further testimony that the light at the accident scene had turned green on this particular occasion is not very credible or persuasive.
After reviewing all of the evidence the Court comes to the conclusion that the Counterclaim plaintiff was neither credible nor persuasive. She has not met her burden of proof of showing that there was any negligence on the behalf of the defendant or that said negligence was the proximate cause of her damages and injuries.
Neither party was able to sustain its burden of proof by a fair preponderance of the evidence on their respect Complaint and Counterclaim, therefore, Judgment may enter for the defendant, Ms. Julianelle on the Complaint, and Judgement may enter for Counterclaim defendant, Mr. Juarbe on the Counterclaim.
R.A. Robinson, J. October 17, 2001